UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE NAROG,<br>　　　　Plaintiff,<br>　　v.<br>STEVEN HOSKINS, et al.,<br>　　　　Defendants. | Case No. 14-cv-03035-JSC<br><br>**ORDER REASSIGNING CASE;**<br>**REPORT AND RECOMMENDATION**<br>**FOR REMAND** |

Plaintiff brought this state-law unlawful detainer action against Defendants in the Superior Court of California for the County of San Mateo seeking to evict Defendants from real property located in Redwood City. Defendant Alfonso Robles, representing himself, subsequently removed the case to federal court. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court ordered Robles to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 6.) Although ordered to respond to the OSC by August 11, 2014, Robles has failed to do so.

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to REASSIGN this action to a district court judge. For the reasons explained below, this Court recommends that the case be REMANDED.

**DISCUSSION**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises

under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Robles bases removal on both federal question jurisdiction and diversity jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. The Notice of Removal states that Plaintiff violated the Protecting Tenants at Foreclosure Act ("PTFA") by failing to provide proper notice; however, even if Robles has a valid counterclaim for a PTFA violation, a counterclaim cannot provide a basis for federal question jurisdiction. *See Vaden*, 556 U.S. at 60; *see also Gann Props., LP v. Coates*, 2013 WL 5754372, at *2 (N.D. Cal. Oct. 21, 2013) ("[Defendant's] reference to the PTFA is best characterized as a potential defense or counterclaim."). Regarding diversity jurisdiction, Robles fails to allege that the amount in controversy exceeds $75,000 (the face of the removed complaint states that the amount demanded is $25,000 or less), and fails to establish that the parties are diverse. Even if these requirements were met, however, removal would still be improper because Robles—a California resident—is precluded from removing an action where he is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to Superior Court of California for the County of San Mateo.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R.

2

Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: August 18, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3